IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BOB AHMADI, (a/k/a Robert Kennedy) (TDCJ-CID #624218), | § § § § |
| Plaintiff, | § § |
| VS. | § CIVIL ACTION NO. H-15-0302 |
| CHRIS POOL, *et al.*, | § § § |
| Defendants. | § |

## MEMORANDUM AND OPINION

Plaintiff Bob Ahmadi, a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a complaint under 42 U.S.C. § 1983, alleging that jail officials have violated his civil rights. He proceeds *pro se* and *in forma pauperis*. Ahmadi initially filed this suit in the Fort Worth Division of the United States District Court for the Northern District of Texas on September 4, 2014. Ahmadi complained of events in Tarrant County and Montgomery County, Texas. On January 28, 2015, the Northern District of Texas severed and transferred Ahmadi's claims arising from events at the Mental Health Treatment Facility ("MCMHTF"), which is located in Montgomery County, to this court. (Docket Entry No. 11).

In this suit, Ahmadi sues Chris Pool, nurse; Margaret Drown, R.N.; Dr. Debra Emmite, M.D.; Dr. Melissa Riggs, Ph.D.; Lucas Shaw, Ph.D.; and LaKeith Lewis, Safety Supervisor. Defendants Drown, Emmite, Riggs, Shaw, and Lewis moved for summary judgment on the grounds that Ahmadi's claims are barred by limitations, barred by the doctrine announced in *Heck v. Humphrey*,

512 U.S. 477, 486-87 (1994), and that they are entitled to qualified immunity. (Docket Entry No. 29). Ahmadi has responded. (Docket Entries Nos. 32 & 33).

Based on the pleadings, the motion for summary judgment, the record, and the applicable law, this court grants the motion for summary judgment. The reasons for these rulings are stated in detail below.

## I.     Ahmadi's Allegations

Ahmadi complains of civil rights violations that occurred at the MCMHTF. He was placed in the MCMHTF in the course of his criminal prosecution and conviction in Tarrant County, Texas. Ahmadi filed a petition for writ of habeas corpus concerning that conviction under 28 U.S.C. § 2254 in the Northern District of Texas, Civil Action Number 4:14-CV-901-A. That court summarized the procedural history as follows:

> In 2010 petitioner was indicted in Tarrant County, Texas, for the offense of sexual assault. (State Habeas R. 54, ECF No. 12-16.) The indictment was later amended to include the offense of burglary of a habitation with intent to commit, attempt to commit or actual commission of assault. (*Id.* at 205.) The indictment also included a repeat-offender notice, alleging a 1992 Cooke County conviction for arson. (*Id.*) Petitioner received a life sentence for the arson offense and was on parole when he committed the instant offense. (*Id.* at 80, ECF No. 12-17.) On February 2, 2012, petitioner was found to be mentally incompetent to stand trial and committed to "DSHS State Hospital" for treatment. (*Id.* at 107, ECF No. 12-17.) Petitioner was reevaluated on July 30, 2012, and, on October 15, 2012, the trial court found petitioner had restored his mental competency. (*Id.* at 117, 122, ECF Nos. 12-17 & 12-18.) On the same date, pursuant to a plea agreement, petitioner pleaded guilty to the burglary count and was sentenced to five years' confinement. (*Id.* at 206-14, ECF Nos. 12-20 & 12-21.)

*Ahmadi v. Davis*, No. 4:14-CV-901-A, 2016 WL 3476425, at *1 (N.D. Tex. June 20, 2016).

In this civil rights lawsuit, Ahmadi asserts:

> Chris Pool, Threw, out of his wheelchair, kicked, stuck his finger in plaintiff's anus, injected involuntary medicine, kicked testicle, chook, no food denied help shower, cut toe, nail.
>
> . . .
>
> Mary Maggie, nurse, Denied cut toenails, fingers nails, Medical supplies even after Disability Rights of Austin, Texas order to issue. not treat bed sores, involuntary injection.
>
> . . .
>
> Debra Emmite, Doctor,
> Denied Medical Supplies to treat bed Sores, but orders involuntary injectio[n]
>
> Melissa Riggs, psychologist
> Called Child rape front of other patients, excessive force involuntary injection
>
> Lewis, security
> told other inmates that his Iranian child rapes then few patient stru[c]k, injured.
> Lewis security kicked, twice arm, pushed face onto the floor, pants down and injected him, plaintiff's nose was bleeding.

(Docket Entry No. 1, p. 3).

Ahmadi seeks unspecified compensatory and punitive damages. He also seeks declaratory and injunctive relief.

## II. The Applicable Legal Standard

### A. The Motion for Summary Judgment

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)). If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' – that is, pointing out to

the district court - that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

"A document filed *pro se* is 'to be liberally construed,' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under this standard, pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can

be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2000).

### B. The Summary Judgment Evidence

The Defendants provide the following summary judgment evidence: Exhibit A: MCMHTF Client Chart Face Sheet (Discharge); Exhibit B: Excerpts from Ahmadi's grievance records, with supporting business records affidavit.

In opposing the Defendants' Motion for Summary Judgment, Ahmadi offers the following exhibits:

(A) Letter dated September 6, 2012, from Disability Rights Texas, closing his case;

(B) Affidavit of Brook Ivory, a fellow inmate of the MCMHTF;

(C) Affidavit of Melvin Turbinski, a fellow inmate of the MCMHTF;

(D) Offender medical pass dated December 14, 2012, from TDCJ;

(E) Tarrant County Corrections, Inmate Request for Health Services, dated October 24, 2012; and

(F) Letter to Texas Board of Pardons and Paroles from Rev. Stephany Payne.

(Docket Entry No. 32).

### III. The Issue of Limitations

Federal courts may dismiss a claim filed *in forma pauperis* (IFP) "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)(quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The statute mandates dismissal of a prisoner's IFP case if the complaint is found to be frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Dismissal of an action is appropriate when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Gartrell*, 981 F.2d at 256. The statute of limitations on a Section 1983 claim is two years. *See Shelby v. City of El Paso*, 577 F. App'x 327, 331 (5th Cir. 2014) ("Our cases have consistently held that the statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state . . . . In Texas, the general statute of limitations for personal injury actions is two years." (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)); *see also Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005). "The federal standard used to determine the accrual of a section 1983 cause of action is that the cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Longoria v. City of Bay City*, 779 F.2d 1136, 1138 (5th Cir. 1986) (citing *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980)). The plaintiff must be in possession of "critical facts" which indicate that he has been hurt and that the Defendants were responsible for the injury. *Stewart v. Parish of Jefferson*, 951 F.2d 681, 684 (5th Cir.) *cert. denied*, 506 U.S. 820 (1992). A plaintiff need not realize that a legal cause of action exists, but must know the facts that would support a claim. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

As noted, the Texas period of limitations for personal injury actions is two years. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 2017). Ahmadi's claims relate to his medical and psychiatric treatment at the MCMHTF. Ahmadi was discharged from the MCMHTF on August 14, 2012. Ahmadi's claims necessarily arose from events that took place before August 14, 2012,

the day he was discharged from the MCMHTF. (Docket Entry No. 29, p. 2). The complaint in this case was originally filed in the Northern District of Texas on September 4, 2014 which is well outside the limitations period.

Ahmadi's objections focus largely on the argument that his alleged constitutional violation is a continuing violation, and therefore his claim is not time-barred. (Docket Entry No. 33, p. 11). Under a continuing violation theory, a new claim accrues each day the violation is extant. *Interamericas Investments, Ltd. v. Bd. of Governors of the Fed. Reserve Sys.*, 111 F.3d 376, 382 (5th Cir. 1997)(citing *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481, 502 n.15 (1968)). A continuing violation applies where the conduct is ongoing, rather than a single event. *Id.* When a claim constitutes a continuing violation, the limitations period begins to run at the end of the violation. *Dews v. Town of Sunnyvale*, 109 F. Supp. 2d 526, 563 (N.D. Tex. 2000). Courts "must be careful not to confuse continuous violations with a single violation followed by continuing consequences; only continuous unlawful acts can form the basis of a continuous violation." *McGregor v. La. State Univ. Bd. of Sup'rs*, 3 F. 3d 850, 867 (5th Cir. 1993)(citing *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977)). The Fifth Circuit has warned that the "theory of continuing violation has to be guardedly employed because within it are the seeds of destruction of the [applicable] statute of limitation." *Abrams v. Baylor College of Med.*, 805 F.2d 528, 533 (5th Cir. 1986). The Fifth Circuit has held that the continuing violation doctrine applies to claims brought under 42 U.S.C. § 1983. *Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, No. 16-30625, 2017 WL 923408, at *5 (5th Cir. Mar. 8, 2017) (reversing a magistrate judge's finding that plaintiff's section 1983 hostile work environment allegations did not constitute a continuing violation); *see also Boswell v. Claiborne Parish Det. Ctr.*, 629 F. App'x 580, 583 (5th Cir. 2015)

(finding plaintiff had pleaded a continuing violation in a section 1983 denial of medical attention case).

Ahmadi filed his complaint on September 4, 2014. Ahmadi characterizes Defendants' actions as a continuing violation. Assuming arguendo that Ahmadi suffered from a continuing violation, the last violation took place, at the latest, on August 12, 2012, the date he was discharged from the MCMHTF. His complaint filed on September 14, 2014, is untimely because it was filed more than two years after the violation.

Ahmadi next argues that the limitations period did not commence until he had exhausted the administrative grievance procedure within the MCMHTF. The statute of limitations is tolled while a prisoner fulfills 42 U.S.C. § 1997e's administrative exhaustion requirement. *See Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001). The Defendants argue that there is no evidence that Ahmadi has ever utilized the MCMHTF grievance procedure. (Docket Entry No. 29, p. 4).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. Ahmadi must identify specific evidence in the record and articulate how that evidence supports his claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Ahmadi has offered no competent summary judgment evidence establishing that he exhausted the administrative grievance procedure within the MCMHTF.

Ahmadi next argues that he is entitled to equitable tolling because he was incompetent during the relevant period. "Because the Texas statute of limitations is borrowed in Section 1983 cases, 'Texas's equitable tolling principles control this litigation.'" *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012)). "Texas courts sparingly apply equitable tolling and look, *inter alia*, to whether a

plaintiff diligently pursued his rights; litigants may not use the doctrine to avoid the consequences of their own negligence. Federal courts also apply the doctrine sparingly." *Id.* (citing *Myers,* 464 F. App'x at 349). "[E]quitable tolling is available where a plaintiff has actively pursued judicial remedies but filed a defective pleading, as long as the plaintiff has exercised due diligence. . . . [T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Id.* at *3 (internal quotation marks and citations omitted).

In Texas, when a person is of unsound mind at the time his cause of action accrues, the applicable statute of limitations will be tolled until the disability is removed. TEX. CIV. PRAC. & REM. CODE § 16.001(b); *Helton v. Clements,* 832 F.2d 332, 336 (5th Cir. 1987). Ahmadi has not shown that he was unable "to manage [his] affairs or to understand his legal rights or liabilities," and thus has not shown that he was of unsound mind on August 14, 2012. *See Helton,* 832 F.2d at 336 (quotation and citation omitted).

Ahmadi states that he contacted a number of authorities to report the incidents made the basis of this lawsuit. (Docket Entry No. 25). Ahmadi alleges that he reported these same underlying events to Disability Rights of Texas and to relevant state authorities prior to his discharge. (*Id.*). These filing show that Ahmadi was aware of the injuries he now sues upon, and who he believed was responsible. He thus affirmatively establishes himself not to have been under a legal disability as required for tolling. Ahmadi's competency evaluation conducted July 30, 2012, established uncontroverted evidence that he was both competent for his criminal trial and legally able to pursue these civil claims as of that date. (Docket Entry No. 29-2, pp. 8-22). Ahmadi's contention that his mental incompetence rendered him unable to pursue his legal rights with respect to his treatment at the MCMHTF, is unavailing.

Ahmadi also has shown no basis for equitable tolling. *See Holmes v. Texas A&M Univ.,* 145 F.3d 681, 684-85 (5th Cir. 1998); *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991). As noted, because the Texas statute of limitations is borrowed in § 1983 cases, Texas's equitable tolling principles apply. *Madis v. Edwards,* 347 F. App'x 106, 2009 WL 3150322 (5th Cir. 2009) (citing *Rotella v. Pederson,* 144 F.3d 892, 897 (5th Cir. 1998)). Neither Ahmadi's lack of representation nor his attempt to acquire counsel is sufficient to toll the limitations period under Texas law. *See Kelly v. City of Wichita Falls,* 65 F. App'x 508 (5th Cir. 2003) (unpublished) (finding no grounds for equitable tolling under Texas law when plaintiff "was unable to obtain the services of a lawyer to pursue his claims"); *Robinson v. Dallas Police Dep't,* 275 F.3d 1080 (5th Cir. 2001) (unpublished) (rejecting argument "that limitations should be equitably tolled under Texas law because [a prisoner was] illiterate and because he sought the assistance of four different attorneys who should have been protecting his rights").

Though federal courts can also "fashion their own tolling provision[s] in exceptional situations," *Slack v. Carpenter,* 7 F.3d 418, 420 (5th Cir. 1993) (per curiam) (quotation and citation omitted), Ahmadi's "unfamiliarity with the legal process [and] lack of representation" are not grounds for equitable tolling under federal law either. *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991).

The statute of limitations bars Ahmadi from asserting his civil rights claims against the named Defendants.

## IV. The *Heck*-Barred Claim

The Defendants argue, in the alternative, that Ahmadi's claims are barred by the holding in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). (Docket Entry No. 29, pp. 5-6). During Ahmadi's

criminal trial, the state court entered orders relating to Ahmadi's competency to stand trial. In Ahmadi's federal habeas proceedings in Civil Action Number 4:14-0901, the record shows that Ahmadi was initially found mentally incompetent to stand trial, then committed to the MCMHTF for treatment, before being reevaluated on July 30, 2012. The state trial court found that his mental competency was restored.

The issue is whether a ruling by this court granting Ahmadi the relief he seeks would necessarily undermine the validity of his 2012 conviction for burglary of habitation with intent to commit assault in Cause Number 1201247D and the resulting five-year sentence. Ahmadi's complaint is that he was illegally medicated, charged, and detained in the MCMHTF.

A court must dismiss a civil rights complaint brought under 42 U.S.C. § 1983 when the complaint, if successful, would necessarily imply the invalidity of the plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Ahmadi challenges the actions of MCMHTF officials in administering forced medications related to the state trial court's competency evaluations. If Ahmadi prevails on his § 1983 claim regarding forced administration of medication to restore competency, the validity of his conviction would necessarily be implicated.

Under *Heck,* Ahmadi must demonstrate that his conviction and sentence have been reversed, invalidated, or expunged prior to bringing an action under § 1983. *Heck,* 512 U.S. at 486-87. Ahmadi cannot make such showing. He has not alleged that his conviction in Cause Number

1201247D has been reversed, invalidated, or otherwise expunged. Until Ahmadi receives a ruling declaring his sentence invalid, he cannot pursue his claim for relief. *Id.* at 488-89; *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery. . . ."). Ahmadi's claims challenging his conviction for burglary of habitation with intent to commit assault are "legally frivolous" within the meaning of sections 1915(e)(2) and 1915A(b). *Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."). Ahmadi's claims are dismissed without prejudice to them being reasserted if the *Heck* conditions are met. *See Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Ahmadi's claims are barred by *Heck*, and the Defendants are entitled to judgment as a matter of law.

## V. The Claims Against Defendants in Their Individual Capacities

The Defendants assert that as a matter of law, they are entitled to qualified immunity because Ahmadi failed to allege a constitutional violation and because the undisputed evidence shows that their actions were objectively reasonable in light of clearly established law. (Docket Entry No. 29, Defendants' Motion for Summary Judgment, pp. 6-7).

The defense of qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established rights that a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Wilson v. Layne*, 526 U.S. 603, 614 (1999). Qualified immunity shields government officials "from

O:\RAO\VDG\2015\15-0302.c01.wpd

12

civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Fraire v. Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992) (citing *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). A state actor is entitled to qualified immunity if his conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his actions. *McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2004).

A two-step process has traditionally been employed in evaluating the defense of qualified immunity. *Saucier v. Katz*, 533 U.S. 194 (2001). A court first considers whether "the facts alleged show the officer's conduct violated a constitutional right," then decides whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Id.* at 201. More recently, the Supreme Court held that a case may be dismissed based on either step in the qualified immunity analysis. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Once a defendant has invoked the defense of qualified immunity, the burden is upon the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). The Fifth Circuit has stated that a district court must first find "that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LeBlanc*, Civil Action No. 11-40460, 2012 WL 3517361 (5th Cir., August 16, 2012), citing *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995). In this regard, the Fifth Circuit has specifically explained that "conclusory allegations and unsubstantiated assertions" are not sufficient to overcome the qualified immunity defense. *Miller v. Graham*, 447 F. App'x 549, 2011 WL 5031467 (5th Cir., October 24, 2011), citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007); *Sylvester v. Cain*, 311 F. App'x 733, 2009 WL 423968 (5th Cir., February 20, 2009), citing *Thompson v. City of Starkville, Miss.*, 901 F.2d 456, 469 n.13 (5th Cir. 1990).

Ahmadi's claims arise out of events relating to Defendants' efforts to administer court-ordered medication to render Ahmadi competent to stand trial for sexual assault and related charges. There is no allegation Defendants acted outside the scope of conduct a qualified medical professional would find appropriate to effectuate that court order. Ahmadi's conclusory allegations are insufficient to overcome Defendants' entitlement to qualified immunity for claims for damages made against them in their individual capacities.

## VI. Claims Against an Unserved Defendant

Ahmadi named Chris Pool as a defendant in this suit. The Defendants have advised the court that no one by the name "Chris Pool" was employed at the MCMHTF during the relevant time period. (Docket Entry No. 29, p. 1). This individual has not been served, and is not represented by counsel for the Defendants. The Fifth Circuit has held parties not joining in a successful motion for summary judgment are nonetheless entitled to benefit from that motion. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). This is because, as the Fifth Circuit explained, where a defending party establishes that a plaintiff has no cause of action, the defense generally also inures to the benefit of a defaulting defendant. *Lewis*, 236 F.3d at 768, citing *United States v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967). The Fifth Circuit has recognized that when one defending party establishes that the plaintiff has no cause of action, this defense generally inures also to the benefit of other similarly situated defendants. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001).

Given the law set forth above, Ahmadi has not demonstrated a genuine fact issue that would defeat summary judgment as to Defendants Drown, Emmite, Riggs, Shaw, and Lewis. Therefore, Ahmadi's claims against Defendants Drown, Emmite, Riggs, Shaw, and Lewis are dismissed. Hence, Defendant Chris Pool, who did not join in the motion for summary judgment because he was

not served, is entitled to benefit from that motion.

## VII. Conclusion

The Motion for Summary Judgment filed by Defendants Drown, Emmite, Riggs, Shaw, and Lewis, (Docket Entry No. 29), is GRANTED. This civil action is DISMISSED with prejudice. Ahmadi's claims against Defendants Drown, Emmite, Riggs, Shaw, Lewis, and Pool are DISMISSED with prejudice. Ahmadi's motion to proceed in forma pauperis, (Docket Entry No. 34), is DENIED. Any remaining pending motions are DENIED as moot.

SIGNED at Houston, Texas, on June 28, 2017.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE